**SO ORDERED.**

**SIGNED this 28 day of May, 2010.**

_J. Rich Leonard_
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

IN RE:

| | |
|---|---|
| **FRED W. BRISSON, JR.,** | **CASE NO. 05-03072-8-JRL** |
| **SUSAN BRISSON,** | **Chapter 13** |
| | |
| **DEBTORS.** | |

**ORDER**

This case is before the court on the debtors' motion to declare mortgage current.  A

hearing on this matter took place in Wilmington, North Carolina on February 24, 2010.[1]

Fred and Susan Brisson ("debtors") filed a chapter 13 bankruptcy petition and plan on

April 14, 2005.  Debtors' chapter 13 plan proposed payments on a residential mortgage to

creditor US Bank outside the plan with pre-petition arrears inside the plan.  The plan confirmed

by the court on August 16, 2005 incorporated the treatment of the claim of US Bank proposed by

the trustee: TO BE PAID DIRECT; ARREARS WITHIN 42 MONTHS; **IF PROOF OF**

**CLAIM IS TIMELY FILED.**  US Bank submitted a proof of claim to the chapter 13 trustee for

approximately $13,750.00 for pre-petition arrears.  However, the claim was not correctly linked

_____

[1] The reason for the large gap in time between this decision and the hearing is because of
a formal request by the chapter 13 trustee to withhold the order while he attempted to mediate
the matter.  He has recently informed the court that mediation was ultimately unsuccessful.

to the debtors' case because it was filed with the incorrect case number.  While the correct case

number was 05-3072, the original claim filed by US Bank had a one digit error and was

numbered 05-3070.  As a result, the debtors did not see a claim filed by US Bank in the list of

claims filed provided by the trustee after the bar date.  Upon this discovery, the debtors timely

filed a proof of claim on behalf of the bank for the pre-petition arrearage in the amount of

$6,500.00.  The bank was served by debtors' counsel with this proof of claim. Additionally, at

the request of the trustee, the clerk noted the filing of the proof of claim by the debtors on behalf

of US Bank on the docket sheet.  The bank did not file an objection to the debtors' proof of

claim.  US Bank was also served with the trustee's final account in the case showing payment of

an arrearage claim of $6,500, to which no objection was made.

The debtors subsequently completed the chapter 13 plan and received a discharge on

June 16, 2008.  The debtors were current with their post-petition direct payments to US Bank at

the time of their discharge.  Some months after the case was concluded,  US Bank informed the

debtors of a $9,000.00 delinquency due to its computation of the remaining unpaid pre-petition

arrearage and refused to accept additional payments under the mortgage.  Debtors are requesting

entry of an order declaring their mortgage current and requiring US Bank to accept monthly

payments.  In the alternative, debtors are requesting that their chapter 13 plan be modified as

necessary to pay the pre-petition arrears to US Bank.

This case is a litany of errors.  US Bank miscoded its proof of claim, did not object to the

claim filed by the debtors on its behalf, nor to the incorrect final account.  Nor is it clear to the

court why the trustee did not notice the minor discrepancy in filing numbers and the obvious

mismatch between the docket number and the case and correct it immediately, or where the

original claim of US Bank actually went.  The court is also at fault.  When the trustee requested that notice be provided of the claim filed on US Bank's behalf, the clerk docketed the notice but inexplicably served it only on the debtors and not on US Bank.   Nonetheless, the debtors proceeded here precisely as the Code allows when they were notified by the trustee that no arrearage claim had been filed before the bar date.  As a matter of law, payment of the claim they filed on behalf of US Bank complied with the confirmed plan and eliminated all prepetition arrearage, and the debtors were current at the conclusion of the case.  US Bank erroneously refused the mortgage payments after the case was concluded on the basis of the unpaid arrearage.

The motion to deem the mortgage current at the conclusion of the plan is allowed.  The clerk is directed to schedule a hearing in this case at the next Wilmington session to determine whether modification of the plan to accommodate payments missed after the case was concluded is feasible, and whether sanctions should be imposed against US Bank for asserting entitlement to payments after the case was concluded that were eliminated by the Chapter 13 case.

**"END OF DOCUMENT"**