**SO ORDERED.**

**SIGNED this 08 day of September, 2010.**

J. Rich Leonard
United States Bankruptcy Judge

---

741.012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE<br>Fred W. Brisson, Jr. and<br>Susan Brisson,<br>　　　　　　　Debtors. | ) Case No. 05-03072-8-JRL<br>)<br>) Chapter 13<br>)<br>)<br>) |

### CONSENT ORDER

THIS CAUSE, coming on for consideration before the undersigned United States Bankruptcy Judge for the Eastern District of North Carolina, upon the hearing scheduled for August 25, 2010 for feasibility of plan modification and possible imposition of sanctions. A Motion for Adequate Protection and to Modify Stay and Notice of Motion had been previously filed herein by U.S. Bank, National Association (hereinafter "U.S. Bank").

Based on the signatures of counsel and the record herein, the Court makes the following **FINDINGS OF FACT:**

　　1.　　On April 28, 2000, Susan Brisson executed and delivered to Advantage Loans, Incorporated a certain Note in the original sum of $121,726.00 and Debtors executed and delivered to Advantage Loans, Incorporated a certain Deed of Trust, thereby granting Advantage Loans, Incorporated a lien or encumbrance in the real property as described therein and known as 5614 NC HWY 87 West, Dublin, NC 28332 (hereinafter "real property"). On May 1, 2000, the foregoing Deed of Trust was properly filed with the Register of Deeds in Bladen County, North Carolina.

　　2.　　On or about April 14, 2005, the Debtors filed a petition under Chapter 13 of the United States Bankruptcy Code. The discharge was entered on June 16, 2008 and the case closed shortly thereafter. The case was re-opened on May 14, 2009 and a Motion to Declare Mortgage Payments Current was filed on May 21, 2009. A preliminary hearing was conducted on February 24, 2010 on the motion and an Order was entered on May 28, 2010 finding, among other things, that certain pre-petition arrearages were not collectable and was discharged. As a result of that order U.S. Bank gave credit to the Brisson mortgage account the sum of $7,215.85, which was the difference between the creditor's proof of claim and the claim

filed by the Debtors and paid by the Trustee under the plan. After giving credit for the above amounts the account is due for the following payments and late charges:

> Payment for February 2009 and March 2009 at $1,209.09 each for a total of $2,418.18,
> Payments for April 2009 through March 2010 at $1,181.32 each for a total of $14,175.84,
> Payments for April, 2010 through August 2010 @ $1,137.83 each for a total of $5,689.15,
> And accrued late charges of not less than $555.14.

The total amount due for payments and late charges is not less than $22,838.31, which excludes all attorneys' fees, costs, charges and escrow advances, if any.

As of August 16, 2010, the Debtor has tendered to $6,050.00 to his attorney in trust for application to the amount due to U.S. Bank. Said funds were forwarded to the undersigned counsel for U.S. Bank and received by the undersigned on August 19, 2010.

3. The Debtor and U.S. Bank have reached a settlement of all remaining matters in this case and request that the Court approve the following settlement and immediately close the case.

NOW, THEREFORE, IT HEREWITH IS ORDERED, ADJUDGED AND DECREED as follows:

1. That the Debtor shall immediately tender to U.S. Bank the sum of $6,050.00, which were received by the undersigned counsel for U.S. Bank on August 19, 2010. Immediately thereafter, upon application of said funds, U.S. Bank shall waive any default arrearage amounts remaining due under the Note and Deed of Trust and bring the account contractually current and due for Septermber 1, 2010.

2. In addition, U.S. Bank has agreed and will waive any attorneys' fees and costs incurred in this matter and as a result of any prior default under the Note and Deed of Trust; and

3. That, the Debtor shall resume and pay directly to U.S. Bank, its designated agent or servicer the regular monthly mortgage payment beginning with the payment due for September 1, 2010. All other terms of the Note and Deed of Trust shall remain in effect and are not altered or modified by the terms of this consent order.

TO THE FOREGOING, WE CONSENT AND AGREE:

_____
Matthew T. McKee, Attorney for U.S. Bank, National Association

/S/ Richard M. Stearns
_____
No Objections, Richard M. Stearns, Trustee

_____
Bruce F. Jobe, Attorney for Debtors

"END OF DOCUMENT"